IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| The Neely Group, Inc., | ) | No. 24-03859 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | (This Motion to be heard by Judge Cassling) |

**NOTICE OF DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**

**To: Attached Service List**

PLEASE TAKE NOTICE that on March 26, 2024, at 10:00 a.m., I will appear before the Honorable Judge Donald R. Cassling , or any judge sitting in that judge's place, either in courtroom 619 of the of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, or electronically as described below, and present the motion of **Debtor in Possession's Motion for Use of Cash Collateral**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode. Meeting ID and passcode.

The meeting ID is **161 414 7941**, and the passcode is **619**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

In addition to other grounds for opposing the motion, you may oppose the motion on the basis that emergency treatment is not appropriate.


/s/ Keevan D. Morgan

## <u>CERTIFICATE OF SERVICE</u>

  I, Keevan D. Morgan, an attorney, caused a copy of the Motion and this Notice to be served upon the addressees in the manner indicated on a list to be filed after service is complete on this 25th day of March 2024.

           /s/ Keevan D. Morgan 

Keevan D. Morgan
kmorgan@morganandbleylimited.com
900 W. Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006
No. 1958844

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| The Neely Group, Inc., | ) | No. 24-03859 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | (This Motion to be heard by Judge Cassling) |

**DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**

The Neely Group LLC, by and through its attorney, Keevan D. Morgan of Morgan & Bley,

Ltd., hereby moves this Honorable Court pursuant to Section 363 of the Bankruptcy Code, Rule

4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this

Court For Authority to Use of Cash Collateral, and in support thereof, states as follows.

1.      On March 18, 2024, ("Petition Date") the Debtor filed its voluntary petition for relief

under Chapter 11 of the United States Bankruptcy Code (the "Code"). The Debtor filed its petition

pro se, even though it is an limited liability company. Thereafter, the Debtor retained counsel who

filed an appearance on March 22, 2024.

2.      The Debtor continues to operate his business and is in the possession of its property

pursuant to Sections 1107 and 1108 of the Bankruptcy Code, except that the account held with its

franchisor, United Parcel Service ("UPS") has been frozen and the Debtor does not have access to

either the information concerning it or the funds therein. However, the Debtor believes that the

account may contain upwards of $250,000. No Trustee, examiner or creditors committee has been

appointed in this case.

3.      By this Motion, the Debtor requests that this Court authorize it to use certain cash

and cash equivalents that are held at UPS and represent the Debtor's share of shipping and other

charges earned by the Debtor as a UPS franchisee and allegedly serve as collateral for claims asserted against the Debtor and its property by Old National Bank.

## Jurisdiction

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5.        This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6.        The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

## Statement Pursuant to Local Rule

7.        The financing contemplated in this Motion by and large does not implicate the provisions of Local Rule 4001-2 (A). **Based upon the Debtor's proposal for the use of cash collateral, the Debtor does not believe that any of the disclosures required under Rule 4001-2 of the Local Rules of the Court is necessary.**

## Background

4. On March 18, 2024, the Debtor, although a corporation, filed this Chapter 11 case pro se. Thereafter, the United States Trustee filed a motion to dismiss the case because the Debtor is not represented by an attorney. However, the undersigned has filed an Amended Petition for Relief on behalf of the Debtor and the United States Trustee has agreed to set out its motion so that the Debtor may attempt to put this case back on a proper administrative track.

5. The Debtor operates two United Parcel Service ("UPS") consumer stores and asserts it has an approved franchise agreement with UPS for a third location that is not yet open. The Debtor has a number of problems to confront in this case, including whether its franchise agreement with UPS

is in full force and effect, whether its leases for the two stores are in full force and effect, and the restructuring of its loan with Old National Bank, its secured creditor. However, the Debtor believes that it is substantially profitable and that all of its other problems stem from an almost Franklinian loss of a nail that led to one crisis to another, none of which negatively impact the fundamental soundness of its business. Rather, the Debtor has been cut off from the use of its operating funds for some time, first because it was the victim of a type of digital attack on its bank account and second, when the Debtor tried to remedy that by turning to high interest lender or factor, the factor interfered with UPS paying its contractual obligations to the Debtor. In turn, Old National Bank sought the UPS funds to protect its interests against the lender/factor, all of which ended up with the Debtor unable to access the adequate funds it was owed to pay its bills and caused it landlord to file eviction cases against it. Because the Debtor believes that its business is sound, the Debtor intends to file a plan and disclosure statement shortly, and move for confirmation or simply resolve its disputes and move for dismissal.

6. Since filing for relief, the Debtor has continued to manage its business even though it must regain access to its funds in order to operate.

7. Besides its President and sole shareholder, Morrell ("Steve") Neely, the Debtor has a dozen non-management employees.

8. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

**Basis for Relief**

9. The use of cash collateral is necessary and appropriate on an immediate basis. The Debtor owes its employees for payroll due on March 22,2024. In the next week, the Debtor will also owe its landlord at two locations for 13 days of March rent. If the payroll is not paid immediately, there

is a great likelihood the employees will not return for work. Indeed, three employees out of 15

already have resigned. The Debtor's weekly payroll is approximately $16,000. The Debtor has

prepared budgets for the next 4 weeks based upon revenues on the conservative side of $140,000

per month and a more optimistic $188,000 per month. At $188,000 per month, Debtor estimates

sales of $47,083 and $21,990 in expenses for a positive cash flow per week of more than $25,000.

Exhibit A.  At the more conservative revenue of $140,000 per month, the Debtor will still net more

than $29,000. The $188,000 monthly budget is attached as Exhibit A. The monthly $140,000 budget

is attached as Exhibit B. The weekly $140,000 budget is attached as Exhibit C.[1]

12. The Debtor was required to seek protection on an emergency basis due to the loss of

access to its account receivable with UPS.

13. The cash collateral motion treats Old National Bank as secured. However, its lien on the

UPS account was perfected only less than 30 days before the filing of this case and may be

avoidable or be otherwise deficient.

14. If the relief requested is not granted immediately, the Debtor risks substantial disruption

to their on-going operations and serious and irreparable harm to the Debtor, its estate, and its

creditors. The need for this emergency hearing was caused by the circumstances of the case,

including the Debtor having filed its case without a lawyer even though it was as corporation and

its attorney having to absorb a plethora of facts and legal pleadings in just a few days thereafter.

15. The Debtor has provided notice of this Application to: Old National Bank; UPS; its two

landlords (for three locations); the Office of the U.S. Trustee for the Northern District of Illinois;

the United States Department of the Treasury, Internal Revenue Service; UPS; and to two prior

---

[1] The weekly budgets are based upon four 7 day periods, and the monthly budget on a 30/31 day budget. Until UPS
begins to pay its account payable to the Debtor the exact days when income is received and payments are made
within a month cannot be better stated, but after the first month, UPS's payments should arrive on or about the same
day every month and the expenditures can be made more precise as to their dates.

purchases of its accounts receivable. In light of the nature of the relief requested herein, the Debtors

respectfully submit that no further notice is necessary.

16. In order for the Debtor to continue to operate its rental business and manage its financial

affairs and effectuate an effective reorganization, it is essential that the Debtor be authorized to use

cash collateral generated from the Property for, among other things, shipping, boxes and other

shipping related materials, rent, and employee expenses, as well as miscellaneous items needed in

the ordinary course of business.

18. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the

Debtor's business and Property, as set forth in the Budgets, will preserve the value of the Debtor's

assets and business and thereby ensure that the interests of creditors that have or may assert an

interest in both cash collateral and the Debtor's other assets are adequately protected within the

meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

19. he Debtor proposes, subject to the approval of this Court, to use cash collateral in which

the Lenders asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business

operations and reorganize its financial affairs through the implementation of a successful plan of

reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured

interests of the Lenders.

20. Unless the Debtor is authorized to use cash collateral in which Old National Bank asserts

an interest, the Debtor will be unable to continue to operate its business and manage the Property,

thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal

business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this

estate.

21. The Debtor proposes to use cash collateral and provide adequate protection to Old National Bank upon the following terms and conditions:

A.The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

B. The Debtor shall, upon reasonable request, make available to the Lenders evidence of that which purportedly constitutes its collateral or proceeds;

C. Old National shall be granted valid, perfected, enforceable security interests in and to Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of its alleged pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the commencement of the Debtor's Chapter 11 case through the next hearing on the use of cash collateral.

22. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion or its extension. The Debtor will make the expenditures set forth in the Budget plus no more than 10% of the total proposed expense payments, unless otherwise agreed by Old National Bank or upon further Order of this Court. Furthermore, in the event a particular expense budgeted for one month is not paid in such month, the right to make such payment shall be permitted in subsequent months.

**Conclusion**

The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion. The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its cash, all or a portion of which may constitute cash collateral, in that, without the limited use of such cash as requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the Debtor and its estate. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

Wherefore, The Neely Group LLC, requests the entry of an Order authorizing the Debtor's to use cash collateral in which Old National Bank asserts any lien, secured with post petition replacement lien(s) to the same to the extent that its prepetition liens are valid, until further Order of this Court; and for such other and further relief in its favor as is fair and jst.

The Neely Group LLC,

By: /s/ Keevan D. Morgan
Its Attorney

Keevan D. Morgan
kmorgan@morganandbleylimited.com
900 W. Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006
No. 1958844