UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   24-03859 |
| The Neely Group, Inc., | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**INTERIM ORDER GRANTING MOTION TO USE CASH COLLATERAL**

THIS MATTER COMING TO BE HEARD on the motion of debtor The Neely Group, Inc. to use cash collateral, due notice having been given, and the court being fully advised, IT IS HEREBY ORDERED:

The debtor represents:

A.   Old National Bank has a valid blanket lien on the debtor's assets and the cash proceeds of the assets.  Old National holds a senior security interest in all of the debtor's assets through a valid first priority duly filed lien, except that the debtor does not stipulate that Old National's lien on cash proceeds is senior to The UPS Store, Inc.'s set-off rights or possessory lien in the proceeds.

B.   Old National holds a loan made to the debtor.  The loan is evidenced by (1) a Promissory Note dated October 19, 2022, in the principal amount of $1,542,600.00; (ii) a Business Loan Agreement dated October 19, 2022, in the same amount; (iii) a Commercial Security Agreement dated October 19, 2022, in the same amount; and (iv) that a UCC Financing Statement filed with the Illinois Secretary of State on October 21, 2022, as document number 28989652.

C.   As of the petition date, the total balance due Old National was not less than $1,520,000.

D.   The debtor has an immediate need to use Old National's pre-petition collateral, including cash collateral,  to continue its business operations.

E.   The debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §§ 503(b) or 364(a).

F.   Old National will not permit the use of any of its pre-petition collateral, including its cash collateral, without protection under 11 U.S.C. §363(e), the debtor is unable to obtain credit on any more favorable terms.

G.   Granting the debtor's motion will minimize disruption of its business, will increase the chances of a successful reorganization, and is in the best interest of the debtor, its creditors, and its estate.

ACCORDINGLY:

1.   The motion is granted.  The debtor is authorized to use the cash collateral through April 30,

2024, solely in accordance with this order and the budget described in the next paragraph, unless otherwise authorized (i) in writing by (a) Old National, and (b) counsel for the debtor's landlords, California & Armitage Main Owner LLC and Concord & Milwaukee Owner LLC, or (c) further court order.

    2.    Attached as Exhibit A is the debtor's budget for the period commencing with the entry of this order and ending at the close of business on April 30, 2024.  On a weekly basis (a) the debtor's aggregate actual disbursements from the petition date to any report date must be no more than 110% of the aggregate amount of projected disbursements for such period as set forth in the budget; (b) The debtor must provide Old National's counsel Adam B. Rome via email at arome@grglegal.com by 5:00 p.m. (CST) each Monday (i) a detailed accounts receivable aging report for the previous week; (ii) a weekly accounts receivable billing log; (iii) a weekly budget variance report; (iv) a weekly inventory purchase log; and (v) other financial reporting as Old National may reasonably require.

    3.    The debtor may not make any payments or other distributions other than the itemized projected disbursements in the budget without Old National's prior written consent.  The budget may not be modified without  (i) the prior written consent of (a) Old National and (b) counsel for the landlords, or (c) further court order.

    4.    Old National is granted adequate protection for its security interests.

    a.  The debtor must permit Old National to inspect, upon reasonable notice and within reasonable hours, the debtor's books and records.

    b.  The debtor must maintain and pay premiums to insure Old National's collateral against fire, theft and water damage, and the Old National consents to the payment of premiums from its cash collateral.

    c.  The debtor must, upon reasonable request, make available to Old National evidence of its collateral or proceeds.

    d.  The debtor must maintain and properly manage Old National's collateral.

    e. Old National is granted replacement liens to the same extent, priority, and validity as existed pre-petition on all of the debtor's now-existing or hereafter-acquired property, real or personal, whether in existence before or after the petition date, including accounts receivable, inventory, general intangibles, refunds, credits, machinery and equipment, and the proceeds and products thereof, to the extent actually used and for the diminution, if any, in the value of Old National's collateral the debtor's indebtedness. and the replacement liens will be the same liens as pre-petition valid liens of record.

    5.    In return for the debtor's continued interim use of cash collateral, Old National is granted monthly adequate protection payments of $18,078.30.  The initial cash collateral payment is due April 5, 2024, and the remaining cash collateral payments are due on the 5th day of each month thereafter, until further order of the court, to protect against any diminution in value of the collateral.  Old National may take its adequate protection payment from the debtor's DIP account at Old National on the 5th day of each month.  For any post-petition diminution in the value of Old National's interest in the cash collateral, Old National is granted an administrative expense claim under § 507(b) of the Code.

    6.    An event of default under this order includes (a) failure to comply with any of the adequate protection or reporting obligations in the order, (b) failure to comply with any of the order's terms, (c)

failure to timely pay the adequate protection payments due Old National or rent payments due any of the landlords, (d) the debtor's payment of any amount not set forth in the budget, and (e) dismissal or conversion of this case or appointment of a chapter 11 trustee or examiner.

7. To perfect its replacement liens, Old National need not take any further action, including executing, filing. or recording any financing statements, security agreements, mortgages or other documents or instruments. The debtor may execute and deliver to Old National financing statements, mortgages, instruments, and other documents as either may deem necessary or desirable from time to time to reflect the replacement liens.

8. Except to the extent of the debtor's representations in this order, entry of the order does waive any rights the debtor and Old National may have under the notes or the loan documents, the Bankruptcy Code, or other applicable law.

9. The debtor must maintain its operating account with Old National and must deposit and maintain all cash and all proceeds of accounts receivable, payments, contract rights, and general intangibles deposits into the account.

10. Any financial reports that the debtor must provide to Old National must also be provided or made available to counsel retained by any Official Committee of Unsecured Creditors, should one be appointed.

11. This order will remain in effect until April 30, 2024. The debtor's motion is continued to April 29, 2024, at 10:00 a.m. for further hearing.

Enter:

Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

Dated: April 8, 2024

**Prepared by:**

Keevan D. Morgan
Morgan and Bley, Ltd.
900 W. Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006
ARDC #1958844

| | 1-Month |
|---|---|
| Gross Sales | $85,000.00 |
| **Gross Revenues** | **$85,000.00** |
| | |
| Adjustment: Less Sales Tax/VAT inc. in sales | |
| **Net Revenues** | **$85,000.00** |
| | |
| **COST OF GOODS SOLD** | |
| Average Cost of Goods Sold | $9,350.00 |
| | |
| **Total CGS** | |
| **Gross Profit** | **$75,650.00** |
| | |
| *Gross Profit Margin* | |
| | |
| **SELLING, GENERAL & ADMINISTRATIVE EXPENSES (not including Amort. & Dep.)** | |
| | |
| **Variable Expenses** | |
| Salaries-Staff | $21,160.00 |
| Advertising | $518.00 |
| Royalty Fees Exp | $0.00 |
| Bank Charges | $1,098.92 |
| Other Supplies | $13,000.00 |
| Taxes-Payroll | $7,583.25 |

| | | |
|---|---|---|
| **Fixed Expenses** | | |
| Dues and Subscriptions | | $1,273.17 |
| Insurance-Business | | $1,946.00 |
| Outside Services-Professional | | $0.00 |
| Rent-Store | | $18,500.00 |
| Storage | | $108.92 |
| Telephone | | $1,222.42 |
| Travel | | $200.00 |
| Utilities | | $855.50 |
| | | |
| **Miscellaneous Expenses** | | |
| Other Expenses (Medical) | | $945.83 |
| Bank Adequate Protection Payment | | $18,078.30 |
| **Total SG&A Expenses** | | **$86,490.31** |
| | | |
| *Weekly Overhead* | | |
| | | |
| **EBITDA** | | |
| *EBITDA per week* | | |
| Annual Cumulative Net Before Dep, Int & Tax | | |
| | | |
| Plus: | | |
| Cash Invested (net of commissions) | | |
| *Cumulative Investments* | | |
| Loans Received/Assumed | | |
| Sale of capital assets | | |
| **OPERATING CASH BEFORE INT & TAXES** | | |
| **ANNUAL CUMULATIVE CASH FLOW** | | |
| | | |
| Less | | |
| Distributions | | |
| Acquisition of capital assets | | |

| | | |
|---|---|---|
| Interest | | |
| Principal Repayment on Loans | | |
| *Outstanding Loans* | | |
| **OPENING CASH** | | $93,164.19 |
| **CHANGE IN OPERATING CASH BEFORE TAXES** | | -$10,840.31 |
| **ENDING CASH BALANCE** | | $82,323.88 |