B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

__Northern__ District Of __Illinois__

**In re**

The Neely Group, Inc.,          Case No. __24-3859__

**Debtor**                      Chapter __11__

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ __Hourly__

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . $ __No Payment__

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ __Hourly__

2. The source of the compensation paid to me was:

   ☐ Debtor     ☐ Other (specify)   __N/A__

3. The source of compensation to be paid to me is:

   ☒ Debtor     ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e. [Other provisions as needed]

Per attached Retainer Agreement

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| April 9, 2024 | /s/Keevan D. Morgan |
|---|---|
| Date | Signature of Attorney |
| | Morgan & Bley, Ltd. |
| | Name of law firm |

**RETAINER AGREEMENT
BETWEEN MORGAN & BLEY, LTD.,
AS ATTORNEYS, AND THE NEELY
GROUP, INC., AS CLIENT,
DATED 04/03/2024**

**Preambles**

Whereas, the Parties hereto are The Neely Group, Inc., as Client (or "Debtor"), and Morgan & Bley, Ltd., as Attorneys; and

Whereas, Client is an Illinois Corporation that filed a pro se Petition for Relief under Chapter 11 of Title 11 of the United States Code in the Northern District of Illinois, Eastern Division, which case is pending as No. 24-3859 (the "Bankruptcy Case") before being introduced to the Attorneys, and which Petition for Relief was later amended and signed by the Attorneys as required by the rules of the court hearing the case (the "Bankruptcy Court"); and

Whereas, through various hearings; negotiations with creditors; investigating the Debtor's assets and liabilities; preparing drafts of certain schedules; and many other services rendered, the Attorneys have been representing the Debtor in the Bankruptcy Case since shortly after the Debtor filed same pro se as aforesaid; and

Whereas, Morrel ("Steve") Neely is the Debtor's President and sole shareholder, and for clarity, the Attorneys do *not* represent Mr. Neely personally in any matter, including by reason of this Agreement; and

Whereas, prior to the filing of the Bankruptcy Case the Debtor operated two UPS "Corner Stores" and was preparing to open a third as a Franchisee of The UPS Store, Inc. ("UPS"); and

Whereas, prior to the filing of the Bankruptcy Case, UPS purported to terminate the Debtor as a franchisee of UPS, the propriety of which termination the Debtor disputes; and

Whereas, prior to the filing of the Bankruptcy Case, the Debtor's secured lender, Old National Bank ("ONB"), purported to begin perfection and collection of its security interests in the Debtor's cash, accounts receivable, and other cash equivalents, including giving UPS notice to pay to ONB monies that ONB asserted were owed by UPS to the Debtor; and

Whereas, the Client and the Attorneys have agreed to enter this Retainer Agreement for the services that have heretofore been provided and are to be provided by the Attorneys to the Client wherein the general duties of the Attorneys and the Client are set forth as contemplated regarding representation of the Client in Client's Chapter 11 Case;

Now, therefore, in consideration of the obligations of the Attorneys and the Client set forth herein, the Parties hereby agree as follows:

**Article 1. The Attorneys' Duties**

1.1     The Attorneys shall represent the Client generally regarding the Chapter 11 case. Client understands that the matters involved are complex, involving the claims of disparate creditors such as UPS, ONB, the Debtor's landlord at more than one location, and the hoped for preparation of a Chapter 11 Plan and Disclosure Statement, and may include the defense and/or prosecution of Adversary Proceedings, as well as attending to the administration of the case by preparing and filing Schedules, a Statement of Financial Affairs, Monthly Operating Reports, and attending a meeting of creditors and other services. Client understands that further investigation by the Attorneys and/or other future events may from time to time change the Attorneys' advice, perhaps materially so. **This is especially so because Client are aware that the Attorneys thus far have been employed under near emergency conditions due to Client having filed its Petition for Relief without assistance of counsel and without the Attorneys being able to prepare the case for filing.** The Attorneys are not obligated to begin or to continue to prosecute or defend any claim that in their sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to constitute bad faith, violates or comes to violate any rule or code of professional ethics, or has or comes to have so little chance of success on the merits that it is not reasonable to expect the Attorneys to continue to invest their time in the prosecution thereof. The Attorneys may advise Client to settle any or all of Client' particular matters in the Bankruptcy Case in

which they become involved. **Client understands that The Attorneys are unable to predict an outcome, favorable or otherwise, for the matters in general and/or for any particular aspect of same.** Client shall not insist that the Attorneys continue to pursue any part or all of the litigation undertaken hereunder past the reasonable expectation of a more favorable outcome in offense or defense as conditions exist from time to time. The Client understand that the exact strategy to be pursued cannot be determined this early in the Attorneys' review of the case, but may involve defending/prosecuting motion(s) in the Bankruptcy Case, filing an "adversary proceeding(s)" in the Bankruptcy Court, and/or proceeding in other ways that are not yet known.

1.2 **Client shall obtain all tax advice from tax and legal professionals other than the Attorneys. The Attorneys have advised the Client to retain separate tax counsel or a CPA for all tax advice at all times.** The Attorneys may discuss tax issues with Client as they may arise in general, but Client shall rely on the tax advice of other professionals, not the Attorneys.

1.3 If the Client should not act with absolute honesty and integrity with the Attorneys, or for any other reason the law allows the Attorneys to do so, the Attorneys may either decline to represent the Client or discontinue such representation immediately. If and to the extent required, the Attorneys shall obtain the consent of a tribunal for such discontinuation. If and to the extent required, the Attorneys shall obtain the consent of a tribunal for such discontinuation. Upon withdrawal, no part of the fees earned as provided herein shall be refundable to Client. For clarity, Client understands that the Attorneys are trying to assist Client regarding their legal matters, but the Attorneys also desire to provide an uncomplicated exit from their representation of Client if Client or either of them refuses or is simply unable to fulfill either of their obligations under this Agreement, which desire Client agree is fair. **Client agrees that for any bills for services rendered or for the Attorneys to withdraw their representation of Client, notice to [illegible] will be sufficient and is irrebuttably presumed received, and Client knowingly waives any other form of service upon them.**

1.4 Nothing in this Agreement shall prohibit either Client or the Attorneys from describing or clarifying the Attorneys' representation regarding a particular matter.

**Article 2. The Attorneys' Authority To Act**

2.1 In matters of professional responsibility, the Attorneys shall act in their own discretion as they deem proper under the Illinois Code of Professional Responsibility and the applicable Rules of Professional Conduct of any applicable Court (collectively "ICPR") in which the Attorneys appear for the Client, and without any direction from the Client. However, the Client are free to comment on any aspect of the Attorneys' professional conduct and is encouraged by the Attorneys to do so at any time.

2.2 The Attorneys recognize that it is the Attorneys' general duty to carry out the directions of their principal, the Client. However, the Attorneys are possessed of special skills and training in legal matters beyond those of the Client. Therefore, in matters of general strategy, the Attorneys shall follow the general directions of the Client where such direction does not impinge upon the Attorneys professional responsibilities in any or all matters, or the Attorneys' professional judgment in matters concerning which a full consultation with the Client is not practical—for example, and certainly without limitation, how to proceed in open court, when Client cannot be reached, or when immediate action is needed. The Client specifically agrees that in the case of a conflict between any of the Client' directions and the Attorneys' reasonable belief that any direction from the Client would or could violate any professional duty of the Attorneys, whether or not that belief by the Attorneys eventually turns out to be correct, the decision of the Attorneys' controls. To balance the Attorneys' decision prevailing over the Client' direction in such instance, and subject to the Attorneys duties under the ICPR, and without limiting the Client' ability otherwise to terminate the Attorneys' representation at will, the Client shall have the right to terminate such representation immediately and obtain new legal representation should Client still not accept the Attorneys' decision. Client shall be entitled to no refund of any portion of the fees or costs if the Attorneys services are terminated.

2.3 Anything herein to the contrary notwithstanding, nothing herein shall be construed to limit the Attorneys' responsibilities under the ICPR, but it is the Parties' desire that the provisions hereof be liberally construed to the extent possible to conform to said ICPR. Should any provision hereof be found to violate the said ICPR, such finding shall not affect the remaining provisions hereof unless such finding would substantially and materially affect the basic purposes hereof, which are to provide the Client with legal representation and to provide for reasonable payment to the Attorneys.

2.4 Client represents and warrants that it is authorized to execute this Retainer Agreement.

### Article 3. The Attorneys' Fees

3.1 The Attorneys have not charged an initial retainer for this matter, but may petition the Bankruptcy Court at any time to be paid a retainer or retainers in an amount they deem reasonable.

3.2 Subject to Bankruptcy Court approval, any and all retainers described herein, including all future retainers, are expressly agreed to be "advance payment retainers" as described in *In re Production Associates, Ltd.*, 264 B.R. 180 (Bkrtcy.N.D.Ill.2001) and *Dowling v. Chicago Options Associates, Inc.*, 2007 WL 1288279 (Ill.). The Attorneys have and will commingle all such retainers immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any (and not the actual retainer funds themselves), promptly after the termination of the Attorneys' services. Ordinarily, Client has the option to request that the retainer be considered a "security retainer" where Client continues to have an interest in the funds, but Client recognizes and agrees that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the *Dowling* case to advise Client of the reason they would decline to represent Client on a security retainer bases, and that reason is that the Client's interests in the Debtor's UPS Franchise is disputed and that creates uncertainty as to the Client' overall financial capacity to pay attorneys' fees due to the high cost of litigation and because it may determined that another party or parties has a superior interest to the Client's funds. Attorneys do not desire to compete with any creditor or creditors of the Debtor, any creditor of Client, or the Receiver for payment, An advance payment retainer is advantageous to Client in the Attorneys' opinion because the *Dowling* case makes reference to such financial impairment a reason justifying the advance payment retainer over the security retainer. The Attorneys may charge additional retainers for contemplated work in their discretion.

3.3 The Parties hereto understand and acknowledge that the amount of services to be provided and the outcome of the representation is extremely difficult to predict. Compensation will be paid to the Attorneys at their customary hourly rates, including all para-professional staff, as they exist from time to time. The rates for are currently $550 per hour for Keevan D. Morgan and $225 per hour for paralegal services. All changes in rates will be shown on billing statements sent to the Client showing each hourly rate being charged for the period billed or otherwise in writing. The Client understands that the retainer does *NOT* represent a flat fee in the matters of representation.

3.4 Client may object to any bill in whole or in part as provided by law, including the Bankruptcy Code and the Bankruptcy Rules of Procedure, and so long as the Bankruptcy Case is pending or the Bankruptcy Court retains jurisdiction over the award of the Attorneys' fees, the amount of the Attorneys' fees are subject to the approval of the Bankruptcy Court. Thereafter, this Agreement shall be interpreted under Illinois law but the Attorneys' fees are not subject to Court approval or review.

3.5 All costs charged to the Client, all expenses incurred, and disbursements made by the Attorneys on the Client' behalf in connection with this matter will be payable by the Client in addition to the professional fees. Such expenses typically include, but are not limited to: accountants or other expert witnesses and consultants, transcripts, long distance telephone calls, photocopying, messengers, travel costs (both local and longer distances), and electronic mail services. The foregoing list is by way of example only, and the omission of any charge, expense, or disbursement from said list is not intended as a limitation for such possible charges. Client are responsible for, the Attorneys' out of pocket costs and for certain expenses billed at standard rates without an exact computation of the Attorneys' costs (such as photocopies not sent to an

outside service. although generally the Attorneys do not bill for in-house photocopying except in the case of a large project). **Client is aware that although he is licensed in Illinois and his law office is in Illinois, Keevan D. Morgan does not reside in the State of Illinois, but instead in the State of Florida, and the personal appearances of the Attorneys may not be cost effective for the Client. If despite the provision herein for additional counsel, any motion, evidentiary hearing, trial, or status hearing of/in either the Bankruptcy Case or the Foreclosure Case is not conducted over Zoom or a similar platform, but instead requires a personal appearance by the Attorneys and the Client desires the Attorneys to attend or to which there is no alternative but for the Attorneys to attend in person, Client shall be responsible for and pay in advance the Attorneys' air fare or gasoline charges (at the Attorneys' option) for traveling to/from Florida, as well as the Attorneys' hotel accommodations for any and all nights of a calendar day immediately preceding a date upon which any personal court appearance by the Attorneys is required.**

### Article 4. General Provisions

4.1 This Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Attorneys could pursue the Client' interests on behalf of the Client and be paid the reasonable fees provided for herein. All actions taken in accordance herewith shall be construed under a rule of reasonableness as of the time they were taken. If the Attorneys perform other services for Client and additional retainer agreement between them is not signed, than the provisions of this Agreement shall control the additional services.

4.2 This Agreement shall be construed according to the laws of the State of Illinois, where it arose, and where it shall substantially or totally be performed. For these reasons, also, venue of any dispute arising out of this Agreement is hereby set exclusively in any Court having subject matter jurisdiction located in Cook County, Illinois, and the Parties agree to submit to the jurisdiction of any such Court.

4.3 Client may discharge the Attorneys at will. Termination of this Agreement by any one Client shall constitute grounds in the Attorneys' sole discretion for their withdrawal from the representation of both Client.

4.4. Although the Attorneys have put in bold format certain provisions of this Agreement to which they desired in particular to bring to Client' attention, Client is bound by all provisions of this Agreement, whether or not emphasized in bold format, and Client are encouraged to read and understand each provision hereof.

4.5 Any use of the singular "Client" in this Agreement is not intended to limit the obligations of all Client hereunder or the common sense interpretation of this Agreement for the Attorneys' representation of two related Client.

4.6 This Agreement may be signed in Counterparts or reproduction such as PDF format.

### Article 5. Legal Advice Regarding Agreement

5.1 The Attorneys are not representing the Client regarding their entering this Agreement, nor are they rendering any legal advice to the Client regarding same.

5.2 **Client acknowledges, represents, and warrants that the Attorneys have advised it that they may retain independent legal opinion (meaning from legal counsel other than the Attorneys) regarding entering this Agreement with the Attorneys, and have in fact encouraged it to do so. Client further acknowledges, represents, and warrants that they have indeed obtained such independent legal advice or have knowingly waived their right to obtain such independent advice. Client may make any inquiries regarding this Agreement as they may**

Page 4 of 5

so desire.

        AGREED:

        The Neely Group, Inc.

_____
By: Steve Neely, its President

        Morgan & Bley, Ltd.

By:_____
        Keevan D. Morgan, President