Form G-3 (20240417)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION     DIVISION**

In re: The Neely Group, Inc.   ) Chapter 11
)
) No. 24-03859
)
Debtor(s)   ) Judge A. Benjamin Goldgar

**NOTICE OF MOTION**

TO:  See attached list

PLEASE TAKE NOTICE that on June 24, 0202, at 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604  **or** electronically as described below, and present the motion of BRP LaSalle LLC [to/for] Motion for Relief from the Automatic Stay, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 500 0972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ Joshua A Fishman

Joshua A. Fishman (ARDC No. 6332677)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Telephone: (312) 627-2150
jfishman@dykema.com

## CERTIFICATE OF SERVICE

I, Joshua A. Fishman                        ,

☒ an attorney, certify

- or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on June 14, 2024           , at 3:00     p.m.    *

/s/ Joshua A Fishman
[Signature]

*All applicable boxes must be checked and all blanks filled in.

## SERVICE LIST

**Through the Court's CM/ECF System:**

Nicholas E Ballen, N. Neville Reid, Kenneth M. Thomas on behalf of Creditor Acadia Realty Trust
nballen@foxswibel.com

nreid@foxswibel.com

kthomas@foxswibel.com

Adam G. Brief on behalf of U.S. Trustee Patrick S Layng
Adam.Brief@usdoj.gov,

agbrief@gmail.com

Michael T. Gustafson on behalf of Creditor The UPS Store, Inc.
mike.gustafson@faegredrinker.com.

Patrick S Layng, Office of the United States Trustee Region 11
USTPRegion11.ES.ECF@usdoj.gov

Keevan D. Morgan on behalf of Debtor The Neely Group, Inc.
lcmorgan@morganandbleylimited.com

N. Neville Reid on behalf of Creditor California & Armitage Main Owner LLC
nreid@foxswibel.com

N. Neville Reid on behalf of Creditor Concord & Milwaukee Owner LLC
nreid@foxswibel.com

Adam B. Rome on behalf of Creditor Old National Bank
arome@grglegal.com

abernath@grglegal.com


**By First Class Mail:**

The Neely Group, Inc.
c/o Keevan D. Morgan
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Chicago, IL 60607

The Neely Group, Inc.
c/o Morrell Neely, President
1658 N. Milwaukee Ave.
Chicago, IL 60647

ADP, Inc.
c/o CT Corporation System
208 S. LaSalle St., Sutie 814
Chicago, IL 60604

Bitty Advance
1855 Griffin Road
Dania, FL 33004

Black Carbon Coalition, Inc.
c/o Don Owens
42309 Winchester Road
Temecula, CA 92590

Bunzl Retail Services
8338 Austin Avenue
Morton Grove, IL 60053

CNA Financial Corp.
c/o Stathy Darcy
151 N. Franklin St., Floor 9
Chicago, IL 60606

Commonwealth Edison Company
c/o Corporate Creations Network Inc.
1320 Tower Road
Schaumburg, IL 60173

Comcast
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703

Guardian Water & Power, Inc.
c/o Brian Willie
1650 Watermark Drive, Suite 170
Columbus, OH 43215

HNO International, Inc.
c/o Don Owens
41558 Eastman Drive
Murrieta, CA 92562

Illinois Department of Employment Security
Bankruptcy Unit
33 S. State Street, 10th Floor
Chicago, IL 60603

Illinois Department of Revenue
Bankruptcy Unit
P.O. Box 19035
Springfield, IL 62794

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 191001

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, IL 60604

IOU Financial, Inc.
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703

Paychex
c/o C T Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

The People's Gas Light & Coke Co.
c/o Corporation Creations Network Inc.
1320 Tower Rd.
Schaumburg, IL 60173

People's Gas Light & Coke Company
PO Box 6050
Carol Stream, IL 60199

Roscoe Take Pride
c/o Matthew A. Flamm
21660 W. Field Parkway, Suite 118
Deer Park, IL 60010

Uline, Inc.
c/o C T Corporation System
208 S. LaSalle St., Suite 814
Chicago IL 60604

Wells Fargo
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703

Wells Fargo Vendor Financial Services, LLC
c/o A Ricoh USA Program
Bankruptcy Administration
P.O. Box 13708
Macon, GA 31208-3708

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 24-03859 |
| | ) |
| THE NEELY GROUP, INC. | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. A. Benjamin Goldgar |
| | ) |

**BRP LASALLE LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

BRP LaSalle LLC ("BRP"), commonly-owned lessor and creditor of the above-captioned Debtor, by and through its undersigned counsel, and pursuant to section 362(d)(1) of title 11 of the United States Code (11 U.S.C. §§ 101 et seq.; the "Bankruptcy Code"), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the Northern District of Illinois (the "Local Rules"), hereby move (this "Motion") the Court for entry of an Order, substantially in the form attached hereto (the "Proposed Order"), modifying the automatic stay so as to allow BRP to pursue any and all applicable non-bankruptcy remedies under the unexpired lease of nonresidential real property, attached as **Exhibits A** hereto (the "Lease"), for the Debtor's location at 777 North LaSalle Drive, Chicago, Illinois, (the "Store"), and in support thereof state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

4. The statutory and legal predicate for the relief sought herein is section 365(d)(3) of the Bankruptcy Code.

## BACKGROUND

5. In October 2022, Debtor and UPS Store, Inc. ("UPS") entered into franchise agreements under which Debtor would operate UPS Stores. *Memorandum Opinion on Debtor's Motion to Enforce Automatic Stay and to Sanction the UPS Store, Inc.* ("Memorandum Opinion") [Dk. No. 90] at p. 2.

6. On May 3, 2023, Debtor and BRP entered the Lease for Debtor to lease BRP premises located at 777 North LaSalle Drive, Chicago IL 60654 under the Trade name The UPS Store. Exhibit A at Section 1.1(a)-(g).

7. The commencement date of the Lease (the "Commencement Date") was the earlier of (i) the date Debtor opens for business at the premises or (ii) 120 days following the date upon which Debtor obtains its building permit to perform work. Debtor agreed to apply for the permit no later than thirty days after the date of the Lease and to diligently pursue the issuance of the permit. If the permit has not been issued within 120 days after submission (the "Permit Deadline"), BRP may elect to join in Debtor's efforts to pursue the permit for an additional 60 days of the permit deadline. If the permits are not obtained before the Permit Deadline, than BRP and Debtor each have the right to terminate the Lease by providing written notice to the non-terminating party within 30 days of the Permit Deadline. Exhibit A, at Section 1.1(h).

8. Under the terms of the Lease, Debtor must pay BRP $15,000 per month for the first twelve months of the Lease. Lease at Section 1.1(l). Rent is due from the Commencement

2

Date and must be paid on or before the first day of each succeeding calendar month. If the Commencement Date is not the first day of a calendar month, than the initial partial month's base rent shall be prorated on a per diem basis and shall be paid on or before the Commencement Date. Exhibit A at Section 4.1.

9. A default by Debtor under the lease is an ("Event of Default"). One Event of Default is Debtor's failure to pay any installment of rent within five days after it is due. Exhibit A at Section 19.1.

10. If an Event of Default occurs, in addition to all other rights or remedies BRP may have at law or in equity, BRP may terminate the lease at which point Debtor shall immediately surrender the premises to BRP. The Lease is only terminated if BRP expressly elects termination by written notice to Debtor. Exhibit A at Section 19.2(i).

11. Debtor has never opened the Store. However, Debtor received a permit on June 28, 2023 and on August 22, 2023, BRP sent Debtor a letter ("the Letter") (attached as **Exhibit B**) stating that in accordance with Section 1.1(h) of the Lease, the Commencement Date will occur on October 26, 2023, 120 days after the issuance of the permit. The Letter stated rent will commence on October 26, 2023 and be prorated for the partial month of October. However, the Letter also stated the rent shall be abated in its entirety for the first three full months of the term commencing on October 26, 2023 through January 25, 2024. Exhibit B.

12. Although Debtor was supposed to pay rent starting on January 26, 2024, Debtor has never paid rent. BRP sent Debtor an invoice (attached as **Exhibit C**) dated February 1, 2024, stating Debtor had until March 2, 2024 to pay $17,903.23 ($2,903.23 for the last six days of January and $15,000 for February). Exhibit C. Debtor did not pay the invoice.

3

13. On January 12, 2024 UPS sent Debtor notices that it had past due balances on its franchises and UPS was terminating the franchises unless the defaults were cured within 30 days. Debtor cured the defaults but defaulted again as there were past due balances on March 14, 2024. On March 15, 2024, UPS sent Debtor notices by email and overnight delivery that it was terminating the franchises on March 16, 2024. Memorandum Opinion at p. 4.

14. On March 18, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code which commenced the above-captioned case (this "Case"). No committee has been appointed herein.

15. When Debtor first filed for bankruptcy, BRP was not listed as a creditor and did not know of Debtor's bankruptcy. If fact, BRP was not listed on any filings in this case until Debtor filed its *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* ("20 Largest Unsecured Claims List") [Dkt. No. 38] on April 21, 2024. BRP was listed as the largest unsecured creditor with a claim of $3,319,164.60. 20 Largest Unsecured Claims List at p. 1. Even after BRP was named on the 20 Largest Unsecured Claims List, BRP was not receiving notice of any of the filings in the Case. In fact, the first document in this Case in which BRP was listed on the service list was Other Landlords' (defined below) *Motion to Compel Payment of Post-Petition Rent* [Dkt. No. 58] (the "Rent Motion"), which was filed on May 13, 2024. BRP received the Rent Motion on May 16, 2024 and thus only learned of the case then. Between the Petition Date and May 16, BRP and Debtor were in communication, but Debtor did not inform BRP it had filed for bankruptcy.

16. On March 25, 2024, the Debtor filed the *Debtor's Motion for Use of Cash Collateral* [Dkt. No. 12] (the "Cash Collateral Motion"), which sought emergency authority to

4

use cash collateral for the month of April in accordance with the April budget appended thereto (the "April Budget").

17. On April 8, 2024 Debtor filed a *Motion to Enforce Automatic Stay and to Sanction the UPS Store, Inc.*("Motion for Sanctions") [Dk. No. 24], alleging UPS had no right to terminate the franchise agreements and that even if it did, UPS had not terminated them before Debtor filed for bankruptcy. Motion for Sanctions at pp. 3-16.

18. On April 8, 2024, the Court entered the *Interim Order Granting Motion to Use Cash Collateral* [Dkt. No. 29], authorizing the use of cash collateral in accordance with the terms thereof and the April Budget, through April 30, 2024. The Court continued the remainder of the Cash Collateral Motion to April 29, 2024.

19. The April Budget included a line item in the amount of $18,500.00 for post-petition rent obligations due to two other landlords, California & Armitage Main Owner LLC and Concord & Milwaukee Owner LLC, ("Other Landlords"), who own the premises where Debtor has two UPS stores, from the Petition Date through April 30, 2024 (the "Budgeted Rent"), but no money was budgeted to pay rent to BRP.

20. Debtor paid the Budgeted Rent to Other Landlords.

21. Debtor, however, has never filed a proposed cash collateral order or budget for the month of May, June or any time period thereafter, nor has it obtained consent from its secured creditor, Old National Bank ("ONB"), for continued use of ONB's cash collateral after April 30, 2024. Despite the lack of any such order or consent as required by law, the Debtor has, upon information and belief, nonetheless continued using cash collateral for operations.

5

22. The Debtor likewise has not brought any motion regarding the assumption, rejection, or other treatment of the Lease as an executory contract.

23. On May 1, 2024, the Debtor failed to make its required rental payments to the Other Landlords ( the "May Rent").

24. Accordingly, on May 13, 2024, the Other Landlords filed their Rent Motion.

25. On May 16, 2024, ONB filed its *Amended Motion for Order Granting Relief from the Automatic Stay to Set Off Accounts, or in the Alternative, to Dismiss or Convert Case to Chapter 7* [Dkt. No. 64] (the "ONB Stay Relief Motion").

26. On May 20, 2024, the Court held a hearing on the Rent Motion, which was resolved only by the Debtor's principal, as guarantor of the Other Landlords' lease, making the May Rent payment with his own funds, apparently because the Debtor could not.

27. On May 31, 2024 Other Landlords filed a *Motion for Relief From Stay* [Dkt. No. 80] ("Other Landlords' Stay Relief Motion") so they could pursue non-bankruptcy remedies against Debtor.

28. On June 1, 2024, the Debtor failed to make the rental payments that came due to the Other Landlords as of that date (collectively, the "June Rent").

29. On June 3, 2023, the Court issued an order [Dkt. No. 83] granting in part ONB's Stay Relief Motion, lifting the stay to allow ONB to set off all amounts contained in Debtor's Debtor in Possession (DIP) Accounts, ordering Debtor to deposit all cash it was currently holding into the Dip Accounts and allowing ONB to place a "Stop Payment" hold on the DIP Accounts to stop payments on any pending or future transactions. The Court continued ONB's Stay Relief Motion as to whether to dismiss or convert the case.

30. On June 10, the Court issued an Order [Dkt. No. 89] denying Other Landlords' Stay Relief Motion, holding Other Landlords did not properly serve Debtor. Later that day, Other Landlords filed an *Amended Motion for Relief From Stay* [Dkt. No. 86] (Other Landlords' Amended Stay Relief Motion Motion) to correct the service error.

31. On June 11, the Court issued its Memorandum Opinion denying Debtor's Motion for Sanctions. The Court held UPS had "good cause" to terminate its franchise agreements with Debtor and that UPS terminated the agreements before Debtor filed the Case. Memorandum Opinion at p. 12.

32. As of today, Debtor has failed to pay BRP $77,903.23 due in rent. Of the $77,903.23 due, $17,903.23 was rent for the last six days of January and all of February, for which an invoice was sent, and $60,000 was for the Debtor's failure to pay rent on the first of the month in each of March, April, May and June 2024. A chart showing Debtor's outstanding balance is attached as **Exhibit D**.

## RELIEF REQUESTED

33. By this Motion, BRP seeks the entry of an Order, substantially in the form of the Proposed Order and pursuant to section 362(d)(1) of the Bankruptcy Code, modifying the automatic stay so as to permit BRP to pursue all of its non-bankruptcy remedies against the Debtor under the Lease.

## BASIS FOR RELIEF REQUESTED

34. Section 362(d) of the Bankruptcy Code provides, in pertinent part, that "the court shall grant relief from the stay provided under [11 U.S.C. § 362(a)], such as by . . . modifying . . . such stay . . . for cause, including the lack of adequate protection of an interest in property of

7

such party in interest." 11 U.S.C. § 362(d)(1). It is well-established that a debtor-tenant's failure to timely make post-petition monthly payments under its non-residential commercial leases constitutes sufficient "cause" to lift the automatic stay due to a lack of adequate protection. *See, e.g.*, *In re Tihi Rest. Corp.*, No. 22-11216, 2023 WL 1768373, at *2 (Bankr. S.D.N.Y. Feb. 3, 2023) ("Courts have found that 'the right to timely payment of rents constitutes an interest in property entitled to adequate protection, and the courts may lift the automatic stay for the failure to pay post-petition rent.") (citations omitted); *see also In re Payam, Inc.*, 642 B.R. 365, 370 (Bankr. S.D.N.Y. 2022); *In re Hitz Rest. Grp.*, 616 B.R. 374, 380 (Bankr. N.D. Ill. 2020); *In re Inn at Longshore, Inc.*, 32 B.R. 942, 944–46 (Bankr. D. Conn. 1983). Similarly, a debtor's apparent inability to make future payments under a lease, or to assume it by curing the defaults thereunder, also constitutes "cause" to modify the stay under section 362(d)(1). *See, e.g.*, *Payam*, 642 B.R. at 370; *In re Hernandez*, 287 B.R. 795, 807 (Bankr. D. Ariz. 2002); *In re Rocchio*, 125 B.R. 345, 347 (Bankr. D.R.I. 1991). The mere fact that a debtor's obligation is guaranteed by a third party does not suffice to provide the creditor with adequate protection if the debtor's reorganization prospects are otherwise remote. *See In re Simonins' Sons, Inc.*, 28 B.R. 707, 712 (Bankr. E.D.N.C. 1983) ("Even if there was indisputable evidence of the creditworthiness of the guarantors, the chance to pursue a guarantor with its uncertainties and costs is not adequate protection . . . . It is certainly not adequate protection in this case in view of the Debtor's remote chance of successful reorganization.").

35. Here, Debtor failed to make any rent payment to BRP, pre or post-petition or to even budget for it in its April Budget. Furthermore, Debtor did not pay the May Rent to Other Landlords with its own funds when due, has now failed to pay the June Rent when it came due, and paid the May Rent, *late* and using non-estate funds, only when under the pressure of the Rent Motion.

8

Debtor's failure to obtain any legal authority to continue using cash collateral substantially and directly undercuts any confidence that it will be able to make future rent payments or assume the Lease, let alone be able to continue operating or reorganize as a going concern. ONB Stay Relief Mot., at pp. 2, 6. Moreover, this Court has already ruled UPS terminated its franchise agreements with Debtor, which makes it even less likely that Debtor can continue operations or reorganize. Memorandum Opinion, at p. 12. As Debtor is no longer a UPS franchisee, it can no longer operate a UPS store. The stay must be lifted for lack of adequate protection in order to permit BRP to exercise its remedies under the Lease, even if Debtor's principal is repeatedly called upon to "save the day" when the rent comes due. *See* cases cited in ¶ 34, *supra*. There is simply no basis to believe Debtor can generate the cash necessary to meet its Lease obligations. BRP should be afforded the opportunity to pursue what it is owed.

## **REQUEST FOR WAIVER OF STAY**

36.    In accordance with Bankruptcy Rules 4001(a) and 9014(b) and Local Rule 4001-1, BRP has given notice of this Motion and served it in the manner provided for by Bankruptcy Rule 7004, to: (a) the United States Trustee; (b) the Debtor; and (c) all other known creditors and parties in interest in this case. The notice given is sufficient under the circumstances and no further notice is required.

**WHEREFORE**, BRP LaSalle LLC respectfully requests that the Court enter the attached Proposed Order or one in substantial conformity therewith, modifying the automatic stay so as to permit BRP to pursue all of its non-bankruptcy remedies against the Debtor under the Lease, and granting such other or further relief as the Court may deem proper or just.

Dated: June 14, 2024                                                                                    Respectfully submitted,

9

**BRP LASALLE LLC**

By:   /s/ Joshua A. Fishman
     One of Its Attorneys

Joshua A. Fishman (ARDC # 6332677)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Tel: (312) 627-2150
Fax: (855) 925-9354
jfishman@dykema.com

118582.000004 4868-0206-5352.6