IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| The Neely Group, Inc. | ) | No. 24-03859 |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on July 15, 2024, at 9:30 a.m., I will appear before the Honorable Judge A. Benjamin Goldgar, or any judge sitting in that judge's place, either in courtroom 642 of the Dirksen Courthouse in Chicago ,219 S. Dearborn, Chicago, IL or electronically as described below, and present the Debtor's Motion to Extend the Date to Assume or Reject Non-Residential Leases, a copy of which is attached to this Notice and hereby served upon you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode. To appear by Zoom using a telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is Meeting ID: 161 500 0972 Passcode: 726993. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

/s/Keevan D. Morgan

Keevan D. Morgan ARDC # 1958844
Morgan & Bley, Ltd.
900W. Jackson Blvd.; Suite 4 East
Chicago, Illinois 60607
312.802.0003

## CERTIFICATE OF SERVICE

     I, Keevan D. Morgan, an attorney certify an attorney/ that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on this 8th Day of July, 2024.

                                                                                  /s/Keevan D. Morgan

## ADDRESS LIST

By ECF Filing

 Nicholas E Ballen on behalf of Creditor Acadia Realty Trust
nballen@foxswibel.com

Adam G. Brief on behalf of U.S. Trustee Patrick S Layng
Adam.Brief@usdoj.gov, agbrief@gmail.com

Dennis Esford on behalf of Creditor Black Carbon Coalition
denny@windycitytrialgroup.com

Joshua Asher Fishman on behalf of Creditor BRP LaSalle LLC
jfishman@dykema.com

Michael T. Gustafson on behalf of Creditor The UPS Store, Inc.
mike.gustafson@faegrebd.com,

cathy.greer@faegredrinker.com,darlene.walker@faegredrinker.com,faegrebddocket@faegredrinker.com,chuck.webber@FaegreBD.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

N. Neville Reid on behalf of Creditor Acadia Realty Trust
nreid@foxswibel.com,
bkdocket@foxswibel.com;eanderson@foxswibel.com;bhenderson@foxswibel.com

Adam B. Rome on behalf of Creditor Old National Bank
arome@grglegal.com, abernath@grglegal.com

Kenneth M. Thomas on behalf of Creditor Acadia Realty Trust
kthomas@foxswibel.com,
bhenderson@foxswibel.com;docket@foxswibel.com;eanderson@foxswibel.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Neely Group, Inc. | ) | Case No. 24-03859 |
| | ) | Honorable A, Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |

**MOTION TO EXTEND TIME TO ASSUME OR REJECT EXECUTORY LEASES**

Now comes the Debtor, The Neely Group, Inc. (the "Debtor"), by and through its attorney, Keevan D. Morgan of Morgan & Bley, Ltd., and moves this Honorable Court to enter an order authorizing the Debtor to assume three executory, non-residential leases ("Motion"), pursuant to section 365 of the Bankruptcy Code in the above captioned Chapter 11 case. In support of their Motion, the Debtor states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application under 28 U.S.C. § 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On March 18, 2024, the Debtor filed a Voluntary Petition for Relief (the "Petition Date") pursuant to Chapter 11 of the Bankruptcy Code. The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No examiner or statutory committee of creditors has been appointed in this Chapter 11.

3. The Debtor intends to continue remain in possession of its financial affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code and eventually file a Plan of Reorganization with a reasonable chance of confirming it.

**The Three Executory Leases**

4. Prior to the filing of this case, the Debtor entered leases for the commercial premises located at (a) 1658 N. Milwaukee Avenue, Chicago, Illinois 60647 (the "1658 N. Milwaukee Lease"), (b) 2020 N. California, Chicago, Illinois 60647 (the "2020 N. California Lease"), and (c) 777 N. LaSalle Drive, Chicago, Illinois 60654 (the "777 N. LaSalle Lease").

5. The 1658 N. Milwaukee Lease provides that its "Use" is for "Mailbox rentals, parcel shipping and packing supplies and services, UPS, DHL, FedEx, and any other related overnight delivery services, key duplicating, Western Union, printing, copy service, passport photos and film processing, fax for profit, stationary and office supplies, catalog sales, and long-distance telephone carrier agent services. Tenant will be allowed the retail use of new products and services with the consent of Landlord, which consent will not be unreasonably withheld."

6. The 2020 N. California Lease provides that its "Permitted Use" is the "Operation of a typical UPS store, including without limitation the sale or servicing of the following items: parcel shipping and packaging, packing supplies and services, postal services, metered mail, mailbox services, passport photos, fax for profit, electronic tax return filing, stationary and office supplies, computer time rental, Internet products and services, and such other products as are generally offered by The UPS Store, as well as the sale and/or distribution of new or additional products and services that may be announced by The UPS Store from time to time and which do not violate the exclusive of any existing tenant in the Shopping Center as hereinafter set forth, and for no other use or purpose.

7. The 777 N. LaSalle Lease provides that its "Permitted Use" is "Any lawful retail use." [Article ¶ 1.1]

8. The United States Bankruptcy Code, 11 U.S.C. § 365, provides in pertinent part as follows:

> (4) (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) the date of the entry of an order confirming a plan.
>
> (B)
>
> (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

9. Cause exists to extend the time for the Debtor to assume or reject the leases. Although the Court has found that as to the 1658 N. Milwaukee and 2020 N. California locations, the Debtor's franchises with The UPS Store, Inc., has been terminated, (a) that ruling is on appeal, and (b) in any event the 1658 N. Milwaukee permitted use is not only for a UPS Store, and (c) the 2020 N. California location's permitted use is for any lawful retail use. While the Debtor hopes to prevail regarding its appeal of the franchise termination finding, it is also in the midst of attempting to transition into a general a company processing UPS, DHL, FedEx, and U.S. Postal Service shipments as well as related services, none of which requires a UPS franchise. In addition, the Debtor believes that an agreement may yet be reached with the 777 N. LaSalle Landlord despite its Motion to Terminate the Automatic Stay, which is pending, or to defeat that motion on the merits, which is in the midst of being briefed. Even regarding the 2020 N. California and 1658 N. Milwaukee leases, there remains some chance of attracting a buyer under Section 363 of the Bankruptcy Code or obtaining financing to cure all lease defaults and/or defeat any state court eviction proceedings. Ironically, terminating the automatic stay in favor of those two leases suggests that this Motion be granted because the landlords of those premises

Case 24-03859   Doc 117   Filed 07/08/24   Entered 07/08/24 19:43:24   Desc Main
          Document       Page 6 of 6

will not be prejudiced by such extension because they are already free to pursue their eviction cases to a conclusion if they can while the Debtor otherwise seeks to accommodate them. Surely, with the 777 N. LaSalle landlord's stay termination motion still pending and the Debtor's Response to its stay termination motion not even due yet, it would be unfair to require the Debtor to make such an important decision at this point in that matter.

  Wherefore, the Debtor, The Neely Group, Inc. prays this Honorable Court enter an order extending the time in which it must assume or reject the three describe leases until October 14, 2024, and (ii) for such other and further relief in its favor as this Court deems just and proper under the circumstances.

              **The Neely Group, Inc.**

              By: /s/ Keevan D. Morgan
                 Its Attorney

Keevan D. Morgan (1958844)
Morgan & Bley, Ltd.
900 W. Jackson Blvd., Ste. 4E
Chicago, Illinois 60607
312.753.6956
kmorgan@morganandbleylimited.com